# WILLIAM STOERING v. NELS SWANSON AND OTHERS.[1]

December 28, 1917.

No. 20,702.

**Common ditch — owners estopped against closing it — case followed.**

1. Where landowners, to drain or improve their several holdings, pursuant to a mutual understanding unite in constructing a drainage ditch, each of the owners is thereafter estopped from closing the ditch whereby the others are deprived of the drainage provided. This rule, announced in Munsch v. Stelter, 109 Minn. 403, controls the decision herein.

**Same — duration of estoppel.**

2. The estoppel came into being as soon as the ditch was so established. And it was not thereafter lost by a failure to assert dominion over the ditch upon the land of the other interested parties so long as they did not create an obstruction to the flow of the water therein.

**Finding sustained by evidence.**

3. The determinative finding, as to the original construction of the ditch by the united efforts of the several landowners interested, is definite enough to support the decision.

**Same.**

4. The evidence sustains the finding that plaintiff placed a dam or obstruction in the ditch which diminished the capacity it originally had for drainage.

**Immaterial finding disregarded.**

5. A finding which has no bearing on the conclusions of law may be disregarded.

**Appeal and error — omission of nominal damages from judgment.**

6. On appeal from a judgment an appellant cannot complain of nominal damages found against him which are not included in the judgment.

**Same — objection not open to appellant.**

7. Plaintiff cannot raise the objection that the waters from defendants' lands reach the county ditch for the establishment of which such lands have not been assessed.

[1] Reported in 165 N. W. 875.

Action in the district court for Meeker county to restrain defendants from constructing certain ditches and turning surface water into plaintiff's private ditch. The facts are stated in the opinion. The case was tried before Daly, J., who made findings and granted a peremptory injunction commanding plaintiff to remove the barrier or dam placed by him in the ditch and to clean and deepen the ditch to the dimensions stated in the first paragraph of the opinion, and ordered judgment for $5 damages. Plaintiff's motion for amended findings was granted in part and denied in part. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

*Alva R. Hunt,* for appellant.

*Raymond H. Dart,* for respondents.


HOLT, J.

Plaintiff, the owner of 160 acres of land on the west boundary of Meeker county, brought this action to enjoin defendants, part owners of the marsh or low ground in Kandiyohi county which extends over and across plaintiff's premises, from ditching in the marsh and thereby discharging their surface water upon his land. The defendants answered that many years ago, by mutual agreement between plaintiff's grantor and defendants and their grantors and by their joint effort and costs, a ditch was dug northerly through said marsh in Kandiyohi county, thence easterly across the land of one of the defendants to the county line, and thence easterly over plaintiff's land emptying into a slough at a lower level on the easterly part of his land which drained to the north into Crow river; that said ditch so established continued to drain and carry off the surplus waters on said lands of defendants and plaintiff until plaintiff wrongfully began to fill in the same at a point where it crosses the west line of his premises. Relief was asked against the obstructions placed in the ditch by plaintiff. The decision was in favor of defendants, directing plaintiff to remove the dam or obstructions placed by him in the ditch, so that the bottom thereof where it enters his premises will be 10 inches below the surface level and its width 24 inches. Plaintiff appeals from the judgment entered upon the findings and order for judgment.

It is entirely clear upon this record that plaintiff was not entitled to injunctive relief. The defendants had merely completed the cleaning out by a ditching plow, upon their own lands, the old plow ditch hereinafter mentioned. So long 'as they refrained from disturbing the condition of the ditch upon plaintiff's land, there would be no tendency to cast more water thereon than came there before. Especially would that be true if plaintiff's contention were right that the natural drainage of defendants' land is to the west and north. The marsh on the westerly part of plaintiff's quarter section is a part of the same marsh of which defendants own a portion, and is practically level. Hence there could not well be a collecting of waters and discharging of the same upon plaintiff's land by means of ditches, unless the ditch on his land was also cleaned out or deepened. But we do not understand the learned attorney for appellant to claim that the evidence establishes any ground upon which his client may ask relief.

The following portions of the findings are supported by evidence and are not challenged by any assignment of error, viz.: "Second. That all of the defendants' said land is low, flat, level, marshy land, a part of a flat, level marsh containing several hundred acres. That a portion of said low, level marshy land extends to the south line of section 13, a distance of a mile running thence north and varies in width from a few rods to more than half a mile. That a portion of said marshy land of which the said defendants' land forms a part, extends across the plaintiff's land in an easterly direction to a slough on said plaintiff's land, which slough is several feet lower than the level of the said marshy land. * * *

"Third. That more than twenty-five years prior to the commencement of this action these defendants and their grantors and the plaintiff and his grantors, each paying his share therefor, jointly constructed and caused to be constructed what is known as a plow ditch beginning at the south line of section 13, thence running northerly thru the said marsh, and at a point in section 13 opposite the said neck of land which runs across plaintiff's said land a ditch was constructed running easterly through the said neck across the land of plaintiff and terminating in the slough on plaintiff's land heretofore mentioned, which said ditch confined the surface water within its banks and conducted it across plaintiff's land. That said ditch where the same crossed plaintiff's west line was

ten inches deep and twenty-four inches wide and so remained up to the time of the acts of plaintiff hereinafter mentioned."

In our opinion under these findings the case is ruled by Munsch v. Stelter, 109 Minn. 403, 124 N. W. 14, 25 L. R. A. (N. S.) 727, 134 Am. St. 785. Plaintiff's grantor and defendants or their grantors having pursuant to a mutual understanding and at a common expense established a drainage system to benefit or improve the several tracts of land belonging to them, plaintiff is now estopped from depriving defendants of the drainage given these lands. The right of the parties to invoke the doctrine of estoppel for protection against interference with the flow of water, came into being when the ditch was constructed under their mutual agreement and by their united efforts, or at their joint expense. It was not essential to a retention of the right so acquired that any one of the interested persons should at stated periods exercise dominion over the ditch upon the lands of the others. So long as the waters were suffered to flow unimpeded through the channel made, there was no denial of the right originally secured. The case cited makes it plain that the facts found bring the one at bar within a well recognized exception to the general rule announced in Johnson v. Skillman, 29 Minn. 95, 12 N. W. 149, 43 Am. Rep. 192, and other cases now relied on by appellant.

While the third finding, above set out, is not attacked as unsupported by evidence, it is challenged as not sufficiently definite upon which to predicate a decree. We think it is. The purpose of the ditch is apparent, viz., to perpetually carry off the surface water from the marshy ground of the parties who participated in establishing the same. It likewise appears how it was constructed, and presumably it was done in accordance with their mutual agreement. As so constructed it entered and passed over plaintiff's land, that is, the 50 feet here in question, in a channel 24 inches wide and 10 inches deep. We perceive no more indefiniteness in the findings here than in the ones in the Munsch case wherein, upon this proposition, arguments and authorities like the ones now presented and cited were very earnestly urged upon the attention of the court and were no doubt fully considered. This will appear upon comparing the findings and briefs in the two cases.

It is claimed that the evidence does not support the finding that plaintiff placed an obstruction or dam in the ditch. We cannot so hold.

Plaintiff admits that he dumped rocks in the channel, but says it was only to prevent the water from washing away or eroding the bottom of the ditch where it joins the part which he had dug considerably deeper than it originally was. No doubt plaintiff had the right to prevent the waters from digging the channel deeper than originally constructed. But we think the testimony shows that he did more. The engineer who testified for plaintiff and the one who was called by defendant state that the rocks came even with the level of the surface of the ground. This might not prevent a slight flow of water from finding its way around or between the stones, but when the ditch is filled there certainly would be an obstruction to the flow.

The fourth finding (in respect to ditches dug by plaintiff on his land near and parallel to the county line and embankments made therefrom) may be disregarded, for it does not control the conclusions of law in the slightest degree.

There was evidence that by the dam or obstruction the hay crop on defendants' lands was injured or destroyed. It does not appear what the value of this was in dollars and cents, but the court found what is denominated a nominal sum of five dollars as damages. The amount is immaterial in this appeal, for it is not included in the judgment.

That the waters from this old plow ditch discharge into a county ditch lately established under the drainage statute and that defendants' lands were not included in that proceeding can be of no consequence on this appeal, for the ditch as left by the judgment herein discharges no more water upon the area drained by the county ditch than had been so discharged for years previously, and if any objection could be made we think Meeker county and not plaintiff would be entitled to make it.

We discover no error or imperfection in the record which defeats the judgment.

Judgment affirmed.